1  Jeffrey M. Lenkov (State Bar No. 156478)
   *jeffrey.lenkov@manningkass.com*
2  Tiffany E. Sohrabian (State Bar No. 330838)
   *tiffany.sohrabian@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendant University of the Pacific

8                 **UNITED STATES DISTRICT COURT**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ERIK CLEMENSEN, on behalf of himself and all others similarly situated, ,  | Case No. (San Joaquin Superior Court Case No. STK-CV-VCR-2023-6085) |
| 13                        Plaintiff, | |
| 14          v. | **Defendant University of the Pacific's Notice of Removal of Action Under to 28 U.S.C. ss 1441 (a) and 1446** |
| 15  UNIVERSITY OF THE PACIFIC, a California corporation, | Complaint Filed: June 14, 2023 |
| 16                        Defendant. | Trial Date:                TBD |

17

18          **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441, Defendant

20  UNIVERSITY OF THE PACIFIC ("Defendant" "UOP") hereby removes the above captioned

21  action from the Superior Court of California for the County of San Joaquin to the United States

22  District Court for the Eastern District of California, Eastern Division of Sacramento, pursuant to

23  28 U.S.C. §1441. The grounds for removal are the following:

24  **I.      Statement of the Case**

25          1. The action pending in the Superior Court of the State of California in and for the County

26  of San Joaquin, entitled ERIK CLEMENSEN, on behalf of himself and all others similarly

27  situated v. UNIVERSITY OF THE PACIFIC, a California Corporation, San Joaquin Superior

28  Court Case No. STK-CV-VCR-2023-6085, was commenced on June 14, 2023.

2. The first date of which removing defendant received a copy of the pleading was June 16, 2023, when removing Defendant UNIVERSITY OF THE PACIFIC was served with a copy of the Summons and Complaint by plaintiff.  As required by 28 U.S.C. § 1446, a copy of the summons is attached hereto and incorporated herein as **Exhibit "A"** and a copy of the complaint is attached hereto and incorporated herein as **Exhibit "B"**.

3. UOP now removes the State Court Action to this Court under 28 U.S.C. §1441 because this Court has original federal question jurisdiction under 28 U.S.C. §1331.

**II.      Allegations in the Complaint**

4. Plaintiff, Erik Clemensen, a former varsity swimming team student at University of the Pacific, brings a two-count class action lawsuit against Defendant University of the Pacific, a private university, alleging that UOP that receives federal and state funding has throughout the Class Period of 2020-2021 discriminated against male varsity student athletes, including Plaintiff, by depriving them of equal athletic financial aid on the basis of their sex in violation of Title IX and California's Equity in Higher Education Act, particularly California Education Code §66270.

**III.     Jurisdiction**

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the claims arising under federal laws in this action—alleged violations of Title IX.

6. Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the remaining state law claims, which arise from the same alleged operative facts.

**IV.     UOP Has Complied Or Will Comply With All Procedural Requirements**

7. UOP may properly remove the State Court Action to this Court because it sits in the "district and division" embracing the place where the action is pending: San Joaquin, California. *See* 28 U.S.C. §§ 1441(a), 1446(a), 84(c)(3).

8. Further, pursuant to the Local Rules of the United States District Court Eastern District of California, Rule 120(d), "[a]ll civil and criminal actions and proceedings of every nature and kind cognizable" arising in San Joaquin County "shall be commenced in the United States District Court sitting in Sacramento, California."

9. UOP was served with the summons and the Complaint attached as Exhibit A on June 16,

MANNING | KASS

2023. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b), which permits a defendant to remove a state court action at any time up to thirty days after service of a copy of the summons and initial pleading.

10. UOP is the only defendant currently sued and served in this matter, therefore it need not obtain the approval of the other defendants to remove this action. *See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)* (explaining that rule requiring all defendants join in petition for removal does not apply to unknown defendants or to defendants not properly joined and served at time of removal).

11. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon UOP in the State Court Action are attached hereto as Exhibits A and B.

12. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, UOP will give written notice to all adverse parties of this filing and will file a copy of this Notice of Removal with the clerk of the Superior Court of California for the County of San Joaquin.

13. UOP has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice of Removal.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure 11. *See* 28 U.S.C. 1446(a).

15. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a), and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

///

///

///

///

///

///

///

///

**DEFENDANT UNIVERSITY OF THE PACIFIC'S NOTICE OF REMOVAL**

16. WHEREFORE, UOP submits that this action is now properly removed from the Superior Court of California for the County of San Joaquin and is properly before this District Court, and that all further actions should take place before this Court.


DATED:  July 17, 2023                    **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**



By:          /S/ Jeffrey M. Lenkov, Esq.
             _____
             Jeffrey M. Lenkov, Esq.
             Tiffany E. Sohrabian, Esq.
             Attorneys for Defendants,
             University of the Pacific

**DECLARATION OF JEFFREY M. LENKOV**

I, Jeffrey M. Lenkov, declare as follows:

1.     I am an attorney at law duly authorized to practice before all the courts of the State of California.  I am also authorized to practice in the United States District Court, Eastern District of California.  I am a partner at the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP, attorneys of record herein for defendant UNIVERSITY OF THE PACIFIC herein.  I am completely familiar with all the files, facts and pleadings in this case, and, if called upon as a witness, I could and would competently testify to the following facts based upon my own personal knowledge or based upon information and belief.

2.     I am one of the attorneys responsible for representing Defendant UNIVERSITY OF THE PACIFIC in the above-entitled action now pending in San Joaquin Superior Court.  I am also one of the attorneys responsible for representing UNIVERSITY OF THE PACIFIC , in this case, if allowed to be removed to federal court.

3.     Attached hereto and incorporated as **Exhibit "A"** is a true and correct copy of the summons served upon removing defendants.

4.     Attached hereto and incorporated as **Exhibit "B"** is a true and correct copy of the complaint filed on June 14, 2023, in the San Joaquin Superior Court, by plaintiff, naming as defendant, UNIVERSITY OF THE PACIFIC, a California Corporation.  The complaint alleges a violation of Title IX and California state law claims.

7.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of July, 2023 at Los Angeles, California.

/s/ Jeffrey M. Lenkov
Jeffrey M. Lenkov

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*

2023 JUN 14   AM 9:08

BRANDON E. RILEY CLERK

BY

NATALIE BASHAW

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNIVERSITY OF THE PACIFIC, a California Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIK CLEMENSEN, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin County Superior Court

180 E Weber Ave Suite 200 Stockton CA 95202

STK-CV-UCR-2023- 6085

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julian Hammond; 1201 Pacific Ave Suite 600 Tacoma WA 98402; 310-601-6766

DATE:  JUN 1 4 2023   BRANDON E. RILEY   Clerk, by   NATALIE BASHAW   , Deputy
*(Fecha)* _____   *(Secretario)* _____   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**JULIAN HAMMOND | SBN: 268489**<br>**HAMMONDLAW, P.C.**<br>**1201 PACIFIC AVE #600   TACOMA, WA 98402**<br>TELEPHONE NO.: (310) 601-6766 | FAX NO. (310) 295-2385 | E-MAIL ADDRESS:<br>ATTORNEY FOR : Plaintiff and the Putative Class: | FOR COURT USE ONLY |

SAN JOAQUIN COUNTY SUPERIOR COURT
   STREET ADDRESS: 180 E. WEBER AVE.
   MAILING ADDRESS:
   CITY AND ZIP CODE: STOCKTON, CA 95202
   BRANCH NAME:

| | |
|---|---|
| PLAINTIFF: ERIK CLEMENSEN, on behalf of himself and all others similarly situated<br><br>DEFENDANT: UNIVERSITY OF THE PACIFIC, a California Corporation | CASE NUMBER:<br>STK-CV-VCR-2023-6085 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>    ERIK CLEMENSEN |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other: **Class Action Complaint; Notice of Case Assignment and Notice of Hearing;**
3. a. Party served *(specify name of party as shown on documents served)*:
      **UNIVERSITY OF THE PACIFIC, a California Corporation**
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **DIANA RUIZ - AUTHORIZED TO ACCEPT ON BEHALF OF AGENT FOR SERVICE OF PROCESS FOR C T CORPORATION**
          **Age: 35-40**    **Weight: 135**    **Hair: BROWN**    **Sex: Female**
          **Height: 5'6"**    **Eyes: BROWN**    **Race: HISPANIC**
4. Address where the party was served: **C T CORPORATION SYSTEM**
           **330 N BRAND BLVD #700**
           **GLENDALE, CA 91203**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* **6/16/2023**  (2) at *(time):* **12:55 PM**
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or
      **in the presence of** *(name and title or relationship to person indicated in item 3b)*:
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
          person to be served.  I informed him of her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
          abode of the party.  I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
          address of the person to be served, other than a United States Postal Service post office box.  I informed him or
          her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
          place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
          *(date):* from *(city):*                  **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2<br>Code of Civil Procedure, § 417.10<br>**POS010-1/VN153547**

| PETITIONER: **ERIK CLEMENSEN**, on behalf of himself and all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: **UNIVERSITY OF THE PACIFIC, a California Corporation** | **STK-CV-VCR-2023-6085** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify):* **UNIVERSITY OF THE PACIFIC, a California Corporation**

        under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**

    a. Name: **NICHOLAS KOSEARAS - REZAC-MEYER ATTORNEY SERVICE**

    b. Address: **PO BOX 7299  VENTURA, CA 93006**

    c. Telephone number: **(805) 658-8454**

    d. **The fee** for service was: **$ 83.50**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner    ☐ employee    ☑ independent contractor.

            (ii) Registration No.: **2022213883**

            (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/20/2023**

_____      ▶ _____
      **NICHOLAS KOSEARAS**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**JULIAN HAMMOND | SBN: 268489**<br>**HAMMONDLAW, P.C.**<br>**1201 PACIFIC AVE #600   TACOMA, WA 98402**<br>TELEPHONE NO.: (310) 601-6766 | FAX NO. (310) 295-2385 | E-MAIL ADDRESS:<br>ATTORNEY FOR : Plaintiff and the Putative Class: | FOR COURT USE ONLY |

**SAN JOAQUIN COUNTY SUPERIOR COURT**
STREET ADDRESS: 180 E. WEBER AVE.
MAILING ADDRESS:
CITY AND ZIP CODE: STOCKTON, CA 95202
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF:  ERIK CLEMENSEN, on behalf of himself and all others similarly situated<br><br>DEFENDANT:  UNIVERSITY OF THE PACIFIC, a California Corporation | CASE NUMBER:<br>STK-CV-VCR-2023-6085 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>ERIK CLEMENSEN |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑  Summons
   b. ☐  Complaint
   c. ☑  Alternative Dispute Resolution (ADR) package
   d. ☑  Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐  Cross-complaint
   f. ☑  other:  **Class Action Complaint; Notice of Case Assignment and Notice of Hearing;**
3. a. Party served *(specify name of party as shown on documents served)*:
   **UNIVERSITY OF THE PACIFIC, a California Corporation**
   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
   item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **DIANA RUIZ - AUTHORIZED TO ACCEPT ON BEHALF OF AGENT FOR SERVICE OF PROCESS FOR C T CORPORATION**
   | **Age: 35-40** | **Weight: 135** | **Hair: BROWN** | **Sex: Female** |
   | **Height: 5'6"** | **Eyes: BROWN** | **Race: HISPANIC** | |
4. Address where the party was served:  **C T CORPORATION SYSTEM**
   **330 N BRAND BLVD #700**
   **GLENDALE, CA 91203**
5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on *(date):* **6/16/2023**   (2) at *(time):* **12:55 PM**
   b. ☐  **by substituted service.**  On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
   **in the presence of** *(name and title or relationship to person indicated in item 3b)*:
   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
   person to be served.  I informed him of her of the general nature of the papers.
   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
   abode of the party.  I informed him or her of the general nature of the papers.
   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
   address of the person to be served, other than a United States Postal Service post office box.  I informed him of
   her of the general nature of the papers.
   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
   place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*  from *(city):*                                                          **or** ☐  a declaration of mailing is attached.
   (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/VN153547** |

| PETITIONER: **ERIK CLEMENSEN, on behalf of himself and all others similarly situated**<br><br>RESPONDENT: **UNIVERSITY OF THE PACIFIC, a California Corporation** | CASE NUMBER:<br>**STK-CV-VCR-2023-6085** |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **UNIVERSITY OF THE PACIFIC, a California Corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**

a. Name: **NICHOLAS KOSEARAS - REZAC-MEYER ATTORNEY SERVICE**

b. Address: **PO BOX 7299  VENTURA, CA 93006**

c. Telephone number: **(805) 658-8454**

d. **The fee** for service was: **$ 83.50**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: **2022213883**
        (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **6/20/2023**

| **NICHOLAS KOSEARAS** | ▶ | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# **<u>EXHIBIT B</u>**

FILED
SUPERIOR COURT
2023 JUN 14  AM 9:08
BRANDON E. RILEY, CLERK
BY
NATALIE BASHAW

1  JULIAN HAMMOND (SBN 268489)
   jhammond@hammondlawpc.com
2  CHRISTINA TUSAN (SBN 192203)
   ctusan@hammondlawpc.com
3  ADRIAN BARNES (SBN 253131)
   abarnes@hammondlawpc.com
4  POLINA BRANDLER (SBN 269086)
   pbrandler@hammondlawpc.com
5  ARI CHERNIAK (SBN 290071)
   acherniak@hammondlawpc.com
6  HAMMONDLAW, P.C.
   1201 Pacific Ave, 6th Floor
7  Tacoma, WA 98402
   (310) 807-1666
8  (310) 295-2385 (Fax)

9
   *Attorneys for Plaintiff and the Putative Class*

10

11

12                    **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                              **COUNTY OF SAN JOAQUIN**

14

15  **ERIK CLEMENSEN**, on behalf of himself and        STK-CV-UCR-2023- 6085
16  all others similarly situated,
                                                        **CLASS ACTION COMPLAINT FOR:**
17                Plaintiff,
                                                        **(1) Violation of Title IX of Education Code
18  vs.                                                     Amendments of 1972; and
                                                        (2) Violation of California Education Code §§
19                                                          66251, 66270.**

20  **UNIVERSITY OF THE PACIFIC,** a California         **DEMAND FOR JURY TRIAL**
    Corporation,
21
                  Defendant.
22

23

24

25

26

27

28

---
                              CLASS ACTION COMPLAINT

                                                        FILED BY FAX

Plaintiff Erik Clemensen ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys of record, HammondLaw, P.C., complains and alleges the following:

## INTRODUCTION

1. This is a sex discrimination class action against University of the Pacific ("UOP") brought on behalf of UOP's male varsity student-athletes for depriving them of equal athletic financial aid in violation of Title IX of the Education Amendments of 1972 ("Title IX"), and California's Equity in Higher Education Act. UOP has not paid its male varsity student-athletes equal athletic financial aid at least since November 30, 2020 ("Class Period")[1] and continues to not pay them equal athletic financial aid through to the present.

2. Title IX prohibits all educational institutions receiving federal funds, including UOP, from discriminating against men (and women) on the basis of their sex.

3. As the United States Department of Education's Office for Civil Rights ("OCR"), responsible for interpreting and enforcing Title IX, explained in 1998, "With regard to athletic financial assistance, the regulations promulgated under Title IX provide that, when a college or university awards athletic scholarships, these scholarship awards must be granted to 'members of each sex in proportion to the number of students of each sex participating in intercollegiate athletics.' 34 C.F.R 106.37(c)." Office for Civil Rights, U.S. Department of Education ("DOE"), Dear Colleague Letter at 2 (July 23, 1998).

4. California Education Code § 66252 states that "[i]t is the intent of the Legislature that this chapter [§§ 66250-66292.4] shall be interpreted as consistent with [among other statutes] Title IX of the Education Amendments of 1972…, except where this chapter may grant more protections or impose additional obligations, . . . ."

5. California Education Code § 66270 prohibits all postsecondary educational institutions that receive state funding from discriminating against men (and women) on the basis of their sex.

6. UOP has not granted athletic financial aid to its male and female athletes in proportion to the number of students of each sex participating in intercollegiate athletics at least during the Class Period, and has instead regularly granted and is granting its male student-athletes much less – and its female student-athletes much more – athletic financial aid than they would have received had UOP granted aid in proportion to the number of students of each sex participating in intercollegiate athletics.

---

[1] The parties agreed to toll the applicable two-year statute of limitations on November 30, 2022, and have repeatedly extended that agreement through and including the filing date of this Complaint. Thus, the Class Period starts on November 30, 2020.

7.      This lawsuit seeks to recover damages on behalf of UOP's current and former male varsity student-athletes in the form of equal athletic financial aid they have been and are deprived of during the Class Period, and to make UOP pay its male student-athletes equal athletic financial aid in the future.

8.      Plaintiff is a male, who is a former varsity student-athlete at UOP. UOP, a private college that receives federal and state funding, has throughout the Class Period discriminated against male varsity student-athletes, including the Plaintiff, by depriving them of equal athletic financial aid on the basis of their sex in violation of Title IX and California's Equity in Higher Education Act, and particularly California Education Code § 66270.

**PARTIES**

9.      Plaintiff Erik Clemensen is a former student-athlete at UOP.  Erik was a member of UOP's varsity swimming team from in or about August 2016 through in or about May 2021.

10.     During the Class Period, varsity student-athletes at UOP were and are eligible to receive athletic financial aid up to and including a full scholarship, a cost-of-living stipend, summer aid, fifth-year aid, and NCAA Special Assistance Funds if appropriate.

11.     In the 2020-2021 academic year, undergraduate tuition cost at UOP was approximately $52,352, not including room and board which were approximately $14,000 per year. A full athletic scholarship at UOP would have covered the entire cost of attendance, including additional costs such as books and educational supplies.

12.     During his time on the swim team, Erik received partial athletic financial aid of $5,000 for only his final year.

13.     On information and belief, during the Class Period, UOP's varsity swimming team has not awarded the full amount of scholarship money permitted by the NCAA.

14.     On information and belief, during the Class Period, UOP's varsity swimming team has not awarded the full number of scholarships permitted by the NCAA

15.     Erik did not receive all of the athletic financial aid for which he was eligible at UOP.

16.     Erik was harmed by UOP's failure to provide proportional athletic financial aid to male varsity student-athletes.

17.     If UOP had complied with Title IX and/or California Education Code §§ 66251 and 66270 and granted athletic financial aid to its male student-athletes proportional to the athletic financial aid it granted to UOP's female student-athletes, Plaintiff would have had an opportunity to receive his fair share of equal athletic financial aid and would have received more athletic financial aid.

18.     In addition to being deprived of an equal opportunity to receive equal athletic financial aid and more financial aid than he did, Plaintiff was injured because he was subjected to discrimination on the basis of his sex.

19.     Defendant University of the Pacific is a private non-profit university located in Stockton, California.

20.     UOP is a recipient of federal and state financial aid. And is required to comply with Title IX and all of its implementing regulations, as well as California's Equity in Higher Education Act.

## JURISDICTION

21.     This Court has jurisdiction over this action pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq.

22.     This Court has jurisdiction over this action pursuant to California Education Code §§ 66251, 66270.

## VENUE

23.     Venue is proper in this Court pursuant to California Code of Civil Procedure § 395.  UOP is a California corporation with its principal place of business in Stockton. The unlawful acts alleged herein and the events giving rise to the Complaint occurred within San Joaquin County.

## FACTUAL ALLEGATIONS.

### Title IX's Equal Athletic Financial Aid Requirements

24.     The preamble to Title IX states that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

25.     Because UOP receives federal financial assistance, its athletic program is subject to Title IX, and UOP must comply with Title IX's requirements. 20 U.S.C. § 1687.

26.     When schools segregate their varsity athletic programs on the basis of sex, as UOP does, their violations of Title IX in those programs constitute intentional sex discrimination. See *Neal v. Board of Trustees of the Cal. State Univs.,* 198 F.3d 763, 772 n.8 (9th Cir. 1999).

27.     Applying Title IX to intercollegiate athletics, United States Department of Education's Office for Civil Rights ("OCR") has adopted regulations requiring educational institutions receiving federal funds to "provide equal athletic opportunity for members of both sexes." 34 C.F.R. § 106.41(c).

28.     The regulations, codified at 34 C.F.R. Part 106 (the "Regulations") are enforced by OCR.

29.     In 1979, OCR issued a policy interpretation of Title IX and the Regulations as applied to intercollegiate athletics at 44 Fed. Reg. 71,413 (Dec. 11, 1979) (the "OCR Policy Interpretation").

30.     The OCR Policy Interpretation sets forth three areas of compliance under Title IX as it relates to college sports: (1) equal accommodation of student interests and abilities; (2) equal athletic financial assistance; and (3) equal treatment and benefits.

31.     Compliance regarding equal athletic financial assistance is assessed pursuant to 34 C.F.R. § 106.37 (c), which provides:

> (1) To the extent that a recipient awards athletic scholarships or grants-in-aid, it must provide reasonable opportunities for such awards for members of each sex in proportion to the number of students of each sex participating in interscholastic or intercollegiate athletics.
> (2) Separate athletic scholarships or grants-in-aid for members of each sex may be provided as part of separate athletic teams for members of each sex to the extent consistent with this paragraph and § 106.41.

32.     The OCR Policy Interpretation states, among other things, its interpretation of the athletic financial aid provision quoted above:

> The Policy - The Department will examine compliance with this provision of the regulation primarily by means of a financial comparison to determine whether proportionately equal amounts of financial assistance (scholarship aid) are available to men's and women's athletic programs. The Department will measure compliance with this standard by dividing the amounts of aid available for the members of each sex by the numbers of male or female participants in the athletic program and comparing the results. Institutions may be found in compliance if this comparison results in substantially equal amounts or if a resulting disparity can be explained by adjustments to take into account legitimate, nondiscriminatory factors… Application of the Policy - This section does not require a proportionate number of scholarships for men and women or individual scholarships of equal dollar value. It does mean that the total amount of scholarship aid made available to men and women must be substantially proportionate to their participation rates.

44 Fed. Reg. 71,415.

33.     On July 23, 1998, the OCR discussed and clarified how it interpreted and would enforce Title IX's athletic financial aid requirements:

> With regard to athletic financial assistance, the regulations promulgated under Title IX provide that, when a college or university awards athletic scholarships, these scholarships awards must be granted to "members of each sex in proportion to the number of students of each sex participating in …intercollegiate athletics." 34 C.F.R 106.37(c)… It is important to note that it is not enough for a college or university merely to assert a nondiscriminatory justification. Instead, it will be required to demonstrate that its asserted rationale is in fact reasonable and does not reflect underlying discrimination… If any unexplained disparity in the scholarship budget for athletes of either gender is 1% or less for the entire budget for athletic scholarships, there will be a strong presumption that such a disparity is reasonable and based on legitimate and nondiscriminatory factors. Conversely, there will be a strong presumption that an unexplained disparity of more than 1% is in violation of the "substantially proportionate" requirement.

Office for Civil Rights, U.S. DOE, Dear Colleague Letter at 2-4 (July 23, 1998).

34.     The Title IX Regulations state: "The obligation to comply with this part is not obviated or alleviated by any rule or regulation of any organization …or association which would render any applicant or student ineligible to participate or limit the eligibility or participation of any applicant or student, on the basis of sex, in any education program or activity operated by a recipient and which receives Federal financial assistance." 34 C.F.R. 106.6 (c).

### California Equity in Higher Education Act Requirements

35.     Section 66251 of the Education Code states that:

It is the policy of the State of California to afford all persons, regardless of their sex, ethnic group identification, race, national origin, religion, or mental or physical disability, equal rights and opportunities in the postsecondary institutions of the state. The purpose of this chapter is to prohibit acts that are contrary to that policy and to provide remedies therefor.

36.     Section 66252 states that it is the intent of the California Legislature that the Equity in Higher Education Act is to be interpreted as consistent with Title IX of the Education Amendments of 1972, among other enumerated statutes, except where the Act grants more protections or imposes additional obligations.  The code section further provides that the remedies specified in the Act may be combined with remedies that may be provided by other statutes, including Title IX.

37.     Section 66270 states that:

No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity, religion, sexual orientation, or any characteristic listed or defined in Section 11135 of the Government Code or any other characteristic that is contained in the prohibition of hate crimes set forth in subdivision (a) of Section 422.6 of the Penal Code, including immigration status, in any program or activity conducted by any postsecondary educational institution that receives, or benefits from, state financial assistance or enrolls students who receive state student financial aid.

### UOP's Violations of Title IX's and Cal. Education Code's
### Equal Athletics Financial Aid Requirements

38.     UOP is a member of the NCAA, and it participates in Division I athletics. UOP offers athletics financial aid to members of its athletic teams.

39.     Throughout the Class Period, UOP has sponsored men's and women's Division I intercollegiate athletic teams, segregated based on sex.

40.     UOP has for years failed and continues to fail to provide athletic financial aid to its male student-athletes in proportion to their athletic participation rates and, accordingly, intentionally

discriminates against male student-athletes in violation of Title IX and sections 66251 and 66270 of the California Education Code.

41.     At all times relevant to this case, UOP was and is responsible for ensuring that it complied with Title IX and sections 66251 and 66270 and provided proportional athletic financial aid to its male student-athletes.

42.     Throughout the Class Period, male student-athletes at UOP have been deprived of athletic financial aid in proportion to their participation in UOP athletics, and the difference in the proportion has always been greater than 1%.

43.     The information summarized in the chart and paragraphs below was submitted by UOP to the federal government under the Equity in Athletics Disclosure Act (EADA) and verified as accurate.

| Year | Total Student Athletes | Male Student Athletes | % of Males | Male Aid Awarded | Female Aid Awarded | % of aid awarded to males | Amount of aid UOP deprived male student athletes |
|------|----------|----------|----------|----------|----------|----------|----------|
| 2016-2017 | 316 | 152 | 48.10% | $3,236,074 | $5,230,081 | 38.42% | $822,241 |
| 2017-2018 | 332 | 150 | 45.18% | $2,850,752 | $5,757,190 | 33.12% | $1,038.378 |
| 2018-2019 | 327 | 156 | 47.71% | $2,632,675 | $4,839,410 | 35.23% | $931,989 |
| 2019-2020 | 297 | 148 | 49.83% | $2,574,510 | $4,353,695 | 37.16% | $877,929 |
| 2020-2021 | 301 | 144 | 47.84% | $2,549,425 | $4,028,922 | 38.75% | $597,691 |
| 2021-2022 | 311 | 148 | 47.59% | $2,926,237 | $3,913,343 | 42.78% | $328,611 |

44.     In 2021-22, UOP's 148 male student-athletes equaled 47.59% of the total student-athletes. But male student-athletes were provided with only 42.78% of the $6,839,580 in athletic financial aid the school awarded that year, amounting to a loss of $328,611 in athletic financial aid for men.[2]

---

[2] Lost athletic financial aid is calculated by subtracting the aid UOP actually awarded to male student-athletes in a given year from the athletic financial aid male student-athletes would have been awarded if UOP had complied with Title IX by awarding such aid proportionally (i.e., if the percentage of athletic financial aid awarded to male student-athletes matched the percentage of male student-athletes participating in UOP's varsity athletics program). For example, in 2020-21 the lost athletic financial aid

45.     In 2020-21, UOP's 144 male student-athletes equaled 47.84% of the total student-athletes. But male student-athletes were provided with only 38.75% of the $6,578,347 in athletic financial aid the school awarded that year, amounting to a loss of $597,691 in athletic financial aid for men.

46.     Thus, in just the two most recently reported academic years (2020-2021 and 2021-2022), UOP's male student-athletes received over $925,000 less in athletic financial aid—and its female student-athletes received over $925,000 more—than they would have received if UOP had granted such aid in proportion to the number of students of each sex participating in intercollegiate athletics.

47.     Upon information and belief, a similar or greater unequal and disproportionate allocation of athletic financial aid to male varsity student-athletes at UOP took place in the 2022-23 academic year and will continue in the future if it is not stopped.

48.     Defendant has not asserted or attempted to demonstrate any justification for UOP's failure to provide male student-athletes with equal athletic financial aid that does not reflect underlying discrimination—and Plaintiff is not aware of any.

49.     Defendant's actions have caused and are causing harm to Plaintiff and those similarly situated and constitute intentional, prohibited discrimination based on sex in violation of Title IX and its implementing regulations at 34 C.F.R. Part 106, and California Education Code §§ 66251, 66270.

50.     Plaintiff and those similarly situated have been and will continue to be harmed by this past and ongoing sex discrimination in UOP's varsity athletics program.

51.     Through this class action, Plaintiff seeks to end Defendant's long-standing, ongoing discrimination against UOP's male student-athletes in the provision of athletic financial aid, require Defendant to compensate UOP's male varsity student-athletes for depriving them of equal athletic financial aid, and ensure UOP's future compliance with Title IX's equal athletic financial aid requirements.

**CLASS ACTION ALLEGATIONS**

52.     Plaintiff brings this class action pursuant to Cal. Civ. Pro. Code. § 382 on behalf of himself and the Class and Subclass. The proposed Class (whose members are "Class Members") is defined as follows:

> "All current and former male students who participated in intercollegiate varsity athletics at UOP from the 2020-21 academic year to the present and did not receive all of the athletic financial aid they could have received."

---

would be $((0.4784 \times \$6,578,347) - \$2,549,425) = \$597,691$ based on the information disclosed by UOP to the DOE in its annual EADA report.

53.     Plaintiff also seeks to certify a Subclass for injunctive relief of all male students currently participating in intercollegiate athletics at UOP who are not receiving all of the athletic financial aid they could receive.

54.     Plaintiff reserves the right to revise or amend the above class and subclass definitions based on facts learned in discovery.

55.     The named Plaintiff is a member of the proposed Class and has been and/or is being injured by Defendant's discrimination on the basis of sex in the distribution of athletic financial aid in UOP's varsity athletic program.

56.     <u>Numerosity</u>. The members of the proposed Class and of the proposed Subclass are so numerous that joinder of all members is impractical.  There are approximately 150 male student-athletes who participated in varsity athletics at UOP annually in and since the 2020-21 academic year. Joinder of them all is impracticable.

57.     <u>Commonality</u>. Common questions of fact and law exist as to all members of the Class and of the Subclass and predominate over the questions affecting only individual members of the Class and of the Subclass. These common questions include but are not limited to:

      a.   Whether Defendant has violated and is violating Title IX by failing to provide male varsity student-athletes at UOP with proportional athletic financial aid;

      b.   Whether Defendant has violated and is violating California Education Code §§ 66521, 66270;

      c.   What remedies male varsity student-athletes are entitled to as a result.

58.     Because Title IX and §§ 66521 and 66270 require comparison of the sex-segregated men's and women's athletic programs, the Title IX issues and the § 66521 and § 66270 issues in this action are inherently class-based.

59.     <u>Typicality</u>. Plaintiff's claims are typical of those of the Class and Subclass because Plaintiff and Class and Subclass Members were exposed to identical conduct in that they were denied and/or are being denied proportional athletic financial aid at UOP because of Defendant's ongoing sex discrimination.

60.     In addition, Plaintiff, like all members of the proposed Class and Subclass, has been, is being, or will be harmed by the ongoing sex discrimination in the distribution of athletic financial aid in UOP's varsity athletics program.

61. <u>Adequacy</u>.  Plaintiff can fairly and adequately represent the interests of the Class and of the Subclass.  Plaintiff has no conflict of interest with other Class Members, is not subject to any unique defenses, and has retained competent and experienced counsel.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical, the likelihood of individual members prosecuting separate claims is remote, and individual Class Members do not have a significant interest in controlling the prosecution of separate actions.  Relief concerning Plaintiff's rights under the laws alleged herein is appropriate with respect to the Class as a whole; and Plaintiff anticipates no difficulty in the management of this action which would preclude its maintenance as a class action.

63. Plaintiff reserves the right to add Class representatives, provided Defendant is afforded an opportunity to conduct discovery as to those representatives.

**FIRST CAUSE OF ACTION**

**Violation of Title IX**

**Unequal Allocation of Athletic Financial Aid**

64. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. UOP provides athletic financial aid to some of its male and female varsity student-athletes.

66. Under Title IX and 34 C.F.R. § 106.37, UOP must provide athletic financial aid to its male and female student-athletes in proportion to the number of students of each sex participating in intercollegiate athletics.

67. UOP has not provided and does not provide athletic financial aid to UOP's male and female student-athletes in proportion to the number of students of each sex participating in intercollegiate athletics.

68. Defendant has provided and continues to provide UOP's male varsity student-athletes much less—and its female varsity student-athletes much more—athletic financial aid than they would have received if UOP had granted such aid in proportion to the number of students of each sex participating in intercollegiate athletics.

69. UOP's failure to provide its male student-athletes with athletic financial aid in proportion to the number of male student-athletes participating in intercollegiate athletics constitutes sex discrimination in violation of Title IX and 34 C.F.R. § 106.37.

70. Individuals harmed by violations of Title IX may seek and recover monetary damages, injunctive relief to prevent continuing discrimination, and declaratory relief.

71.     Plaintiff and the members of the Class have been and are being harmed by UOP's failure to provide UOP's male student-athletes with athletic financial aid in proportion to the number of male student-athletes participating in intercollegiate athletics. Such harm includes, but is not limited to, lost athletic financial aid and being subjected to sex discrimination.

72.     Plaintiff, on behalf of himself and the Class, requests relief as further described below.

## SECOND CAUSE OF ACTION

### Violation of California Education Code §§ 66252, 66270

### Unequal Allocation of Athletic Financial Aid

73.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

74.     California Education Code § 66252 states that "[i]t is the intent of the Legislature that this chapter [§§ 66250-66292.4] shall be interpreted as consistent with [among other statutes] Title IX of the Education Amendments of 1972…, except where this chapter may grant more protections or impose additional obligations,…"

75.     California Education Code § 66270 prohibits all postsecondary educational institutions that receive state funding from discriminating against men (and women) on the basis of their sex.

76.     As alleged above, UOP provides athletic financial aid to some of its male and female varsity student-athletes, but has not provided and does not provide athletic financial aid to UOP's male and female student-athletes in proportion to the number of students of each sex participating in intercollegiate athletics, as it is required to do under Title IX and California Education Code § 66270.

77.     As alleged above, Defendant has provided and continues to provide UOP's male varsity student-athletes much less—and its female varsity student-athletes much more—athletic financial aid than they would have received if UOP had granted such aid in proportion to the number of students of each sex participating in intercollegiate athletics.

78.     UOP's failure to provide its male student-athletes with athletic financial aid in proportion to the number of male student-athletes participating in intercollegiate athletics constitutes sex discrimination in violation of California Education Code § 66270.

79.     Individuals harmed by violations of California Education Code § 66270 may seek and recover monetary damages, injunctive relief to prevent continuing discrimination, and declaratory relief.

80.     Plaintiff, on behalf of himself and the Class, seeks relief as described below.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Class and the Subclass, respectfully requests that this Court enter judgment in their favor and against Defendant as follows:

1.      Certifying this matter as a Class action;

2.      Entering an order declaring that Defendant has engaged in a past and continuing pattern and practice of discrimination against male students on the basis of sex in the distribution of athletic financial aid in UOP's varsity intercollegiate athletics program, in violation of Title IX and the Regulations promulgated thereunder;

3.      Entering an order declaring that Defendant has engaged in a past and continuing pattern and practice of discrimination against male students on the basis of sex in the distribution of athletic financial aid in UOP's varsity intercollegiate athletics program, in violation of California Education Code § 66270;

4.      Issuing a permanent injunction barring Defendant from discriminating against male students in the distribution of athletic financial aid on the basis of sex in UOP's varsity intercollegiate athletics program;

5.      Awarding Plaintiff all recoverable compensatory damages and other monetary relief permitted by law;

6.      Awarding attorneys' fees and costs as authorized by statute and governing law;

7.      Granting such other and further relief, at law and in equity, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and members of the Class and of the Subclass, hereby demands a jury trial on all issues so triable.

DATED:  June 12, 2023                              Respectfully submitted,


_____
Julian Hammond
*Attorneys for Plaintiff and the Putative* Class

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On July 17, 2023, I served true copies of the following document(s) described as

6

**DEFENDANT UNIVERSITY OF THE PACIFIC'S NOTICE OF REMOVAL OF ACTION UNDER TO 28 U.S.C. SS 1441 (A) AND 1446** on the interested parties in this action as follows:

7

Julian Hammond                                          Attorneys for Plaintiff and the Putative Class
Christina Tusan

8

Adrian Barnes
Polina Brandler

9

Ari Cherniak
HAMMONDLAW, P.C.

10

1201 Pacific Avenue, 6th Floor
Tacoma, WA 98402

11

T: (310) 807-1666
F: (310) 295-2385

12

jhammond@hammondlawpc.com
ctusan@hammondlawpc.com

13

abarnes@hammondlawpc.com
pbrandler@hammondlawpc.com

14

acherniak@hammondlawpc.com

15

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency

16

due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

17

message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when

18

we return to the office at the conclusion of the National Emergency.

19

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

20

Court at whose direction the service was made.

21

Executed on July 17, 2023, at Los Angeles, California.

22

23

/s/ Gloria Salata

Gloria Salata

24

25

26

27

28

1

**DEFENDANT UNIVERSITY OF THE PACIFIC'S NOTICE OF REMOVAL**